IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| TERRY MARK WRIGHT, #1771863 | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:15cv913 |
| ERICA GOMEZ, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Terry Mark Wright, an inmate confined at the Beto Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The defendants remaining in the lawsuit are Nurse Erica Gomez and Dr. Joseph Tretta. The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #118) concluding that the Defendants' motion for summary judgment (Dkt. #107) should be granted. Mr. Wright has filed objections (Dkt. #123).

Mr. Wright complains about medical care provided by Nurse Gomez and Dr. Tretta. In order to succeed on his claims, Mr. Wright must show that the Defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114

1

S. Ct. 1970, 1979 (1994). To survive dismissal, a plaintiff must come forward with a triable issue of fact that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Mr. Wright has a history of low back pain that radiates down his left leg. He has regularly been seen by prison doctors, including Dr. Tretta. Medical personnel have conducted a wide array of medical procedures and provided medication as deemed appropriate. Mr. Wright complains that Nurse Gomez refused to transport him to the medical department on June 27, 2014. The competent summary judgment evidence reveals that Dr. Tretta saw Mr. Wright just a few days earlier on June 16, 2014. His assessment of Mr. Wright's situation was severe sciatica post lumbar surgery. His plan of action was Prednisone 10 mg. tablet daily for ten days to be followed by Prednisone 5 mg. tablet daily for ten days. In discussing the medical records, Dr. Steven Bowers explained that Mr. Wright needed to complete the medication regimen prior to being seen again. Under these circumstances, Nurse Gomez was complying with instructions contained in the medical records. Her response does not support a conclusion that she refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for serious medical needs. Mr. Wright's objections do not address the analysis leading to the conclusion that the competent summary judgment evidence does not support a deliberate indifference claim against Nurse Gomez.

Mr. Wright also complains about the medical care provided by Dr. Tretta on July 18, 2014. In particular, he complains that Dr. Tretta would not give him anything for pain. The competent summary judgment evidence reveals that Dr. Tretta saw Mr. Wright for complaints that the steroids did not help, that he could barely walk, and now felt like his left hip was bothering him. Dr. Tretta noted that the patient walked down the hallway holding onto the walls and walked stooped over with his hand on his left hip; and that he had no flexion, extension, or rotation. Dr. Tretta assessed the patient with lumbar spine pain and sciatica. The plan of care was lumbar spine and hip x-ray, along with an orthopedic consultation. Dr. Tretta also discontinued Mr. Wright's prescription for Ibuprofen 600 mg. and ordered Tylenol 325 mg. two tablets three times daily and Naproxen 500 mg. (NSAID) one tablet twice daily as needed. The medical records do not show that Dr. Tretta refused to give Mr. Wright anything for pain; instead, he substituted one NSAID for another and added Tylenol. Dr. Tretta's actions do not support a conclusion that he refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for serious medical needs. Mr. Wright's objections do not address the analysis leading to the conclusion that the competent summary judgment evidence does not support a deliberate indifference claim against Dr. Tretta.

Mr. Wright's objections focus on the defense of qualified immunity. Although he provides a lengthy discussion about the defense, he provides very little analysis about the application of the defense to the facts of this case.

The defense of qualified immunity protects government officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly

established rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). If a plaintiff establishes a violation of a "clearly established right," then the court determines whether the defendant's conduct was "objectively reasonable in light of legal rules clearly established at the time of the incident." *Siegert v. Gilley*, 500 U.S. 226, 231-32, 111 S. Ct. 1789, 1793 (1991). In the present case, Plaintiff has not shown a violation of a clearly established right. Moreover, he failed to satisfy his burden of showing that the Defendants' actions were objectively unreasonable in light of clearly established law. He has not overcome their entitlement to qualified immunity.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Wright to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Wright's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the Defendants' motion for summary judgment (Dkt. #107) is **GRANTED** and the complaint is **DISMISSED** with prejudice. All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Apr 16, 2017**

_____
Ron Clark, United States District Judge